UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY MARTIN (B-58252), | ) |
| Plaintiff, | ) Case No. 10 C 2281 |
| v. | ) Judge Suzanne B. Conlon |
| OFFICER GONZALEZ, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Larry Martin, filed suit, *pro se*, against Defendants, Chicago Police Officers Gonzalez, Bolton and Sneed, alleging false arrest, failure to intervene in the false arrest, and malicious prosecution. Presently before the Court is the Defendants' motion for summary judgment. For the reasons stated in this order, the motion is granted.

## LEGAL STANDARD

Summary judgment shall be granted " if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Vision Church v. Village of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). In determining whether factual issues exist, the court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Universities Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009), *citing Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986).

However, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Information Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010), *quoting Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008).

When Defendants filed their motion for summary judgment, they included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). This notice clearly sets out the requirements of this Court's Local Rule 56.1. In particular, the notice explains that Plaintiff's response must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

> (3) a concise response to the movant's statement that shall contain:
>
> (A) numbered paragraphs, each corresponding to and stating a concise summary of the paragraph to which it is directed, and
>
> (B) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (C) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

2

L.R. 56.1(b). The district court may require strict compliance with Local Rule 56.1. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs").

Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994); *Fischer v. Ameritech*, No. 98 C 7470, 2002 WL 1949726, *4 (N.D. Ill. Aug. 23, 2002) (Pallmeyer, J.).

Plaintiff filed a response to Defendants' motion for summary judgment and his own proposed statements of fact (included below in the Undisputed Facts). However, Plaintiff did not respond to Defendants' proposed statements of fact. Accordingly, Defendants' proposed statements of fact are deemed admitted. *See Chelios v. Heavener*, 520 F.3d 678, 687 (7th Cir. 2008); L.R. 56.1(b)(3)(B).

## UNDISPUTED FACTS

At all times relevant, Defendants Officer Gonzalez and Officer Bolton were employed by the Chicago Police Department. (Defs.' 56.1(a)(3) Statement 56.1(a)(3) ¶¶ 2-3). While identified as a Defendant in the action, Defendant Detective Sneed does not exist as a Detective in the Chicago Police Department. (*Id.*, ¶ 4.)

On July 14, 2009, Plaintiff left his home at approximately 10:00 a.m. and went to his friend Jeffery Taylor's home. (Defs.' 56.1(a)(3) Statement ¶ 8.) While at Taylor's home, Plaintiff smoked

3

marijuana "all day long." (*Id.*, ¶ 9.) At approximately 4:00 p.m., Plaintiff and Taylor went to Jack's Liquor Store. (*Id.*, ¶¶ 10, 16-17; Plaint.'s 56.1(b)(3) Statement ¶ 1.)

After Plaintiff and Taylor exited the store, Officers Gonzalez and Bolton exited their vehicle and stopped Plaintiff and Taylor. (Defs.' 56.1(a)(3) Statement ¶ 22; Plaint.'s 56.1(b)(3) Statement ¶¶ 3-4.) Upon approaching Plaintiff, Officers Gonzalez and Bolton observed a strong odor of burnt cannabis emanating from Plaintiff's clothing and that Plaintiff had bloodshot eyes and slurred speech. (Def.'s 56.1(a)(3) Statement ¶ 23.) After searching Plaintiff's and Taylor's person, the officers conducted a search for outstanding warrants. (Defs.' 56.1(a)(3) Statement ¶ 26; Plaint.'s 56.1(b)(3) Statement ¶¶ 4-5.) Taylor was arrested at that time for an outstanding warrant. (Defs.' 56.1(a)(3) Statement ¶ 27; Plaint.'s 56.1(b)(3) Statement ¶¶ 6-8.) No outstanding warrants were identified for Plaintiff but Officer Gonzalez disputed the birth date Plaintiff had provided based on data provided by the computer search. (Defs.' 56.1(a)(3) Statement ¶ 26; Plaint.'s 56.1(b)(3) Statement ¶ 13.) Plaintiff was arrested for and charged with drinking Alcohol on the Public Way, in violation of Chicago Municipal Code 08-04-030. (Defs.' 56.1(a)(3) Statement ¶ 25.) The charge against Plaintiff was eventually non-suited. (*Id.*, ¶ 30.)

## ANALYSIS

Defendants argue that Plaintiff's claims for false arrest and failure to intervene fail because they had probable cause to arrest Plaintiff. Defendants assert that they observed Plaintiff in possession of and drinking from a 40-ounce bottle of beer outside of Jack's on the public way and that was the reason for the initial stop. Plaintiff disputes that he had a beer in his possession or that he was drinking from one after leaving the store. However, Plaintiff does not dispute that he had been smoking marijuana all day long or that Officers Gonzalez and Bolton observed a strong odor

of burnt cannabis emanating from Plaintiff's clothing and that he had bloodshot eyes and slurred speech when they stopped him.

The existence of probable cause to arrest is an absolute bar to a Section 1983 claim for false arrest and the plaintiff bears the burden of establishing the absence of probable cause. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 301-302 (7th Cir. 2011); *McBride v. Grice*, 576 F.3d 703, 706 (7th Cir. 2009). Probable cause exists if the facts and circumstances known to arresting officer would lead to a reasonable person believing that the suspect committed a crime. *Jones v. Clark*, 630 F.3d 677, 684 (7th Cir. 2011); *Wagner v. Washington County*, 493 F.3d 833, 836 (7th Cir. 2007). "Probable cause 'demands even less than probability,' it 'requires more than bare suspicion but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false.'" *Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000) (citations omitted). Furthermore, the arresting officer's subjective reason for making the arrest does not need to be the criminal offense as to which the known facts provide probable cause. *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). Thus, the existence of probable cause for any offense, even one that was not identified at the scene or in the charging documents, will defeat a false arrest claim. *Sroga v. Weiglen*, 649 F.3d 604, 608 (7th Cir. 2011).

Here, Plaintiff was arrested and charged with drinking alcohol on a public way. The parties dispute the facts regarding the presence of alcohol on Plaintiff's person. However, it is uncontested that Officers Gonzalez and Bolton observed a strong odor of burnt cannabis emanating from Plaintiff's clothing and that Plaintiff had bloodshot eyes and slurred speech when they stopped him. The Chicago Municipal Code provides, in pertinent part, "A person commits disorderly conduct when he knowingly . . . . [a]ppears in any public place manifestly under the influence of alcohol,

narcotics or other drug, not therapeutically administered, to the degree that he may endanger himself or other persons or property, or annoy persons in his vicinity." CHI. MUN. CODE 8-4-010. The strong odor of burnt cannabis emanating from Plaintiff's clothing and the fact that he had bloodshot eyes and was slurring his speech established that probable cause for disorderly conduct existed at the time of Plaintiff's arrest. Thus, Plaintiff's false arrest claim fails.

In light of the existence of probable cause to arrest Plaintiff, his claim based on Officer Bolton's alleged failure to intervene also fails. *See Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) (an underlying constitutional violation is required for a failure to intervene claim). Furthermore, because Sneed is a non-existent Defendant, he is dismissed from this action.

As the Court has now determined that Defendants are entitled to summary judgment on Plaintiff's federal claims under 42 U.S.C. § 1983, the Court declines to exercise its pendent jurisdiction over his state law malicious prosecution claim. *See Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001) (malicious prosecution is not actionable in federal court because it is not a constitutional tort so long as state law provides a remedy).

In conclusion, no outcome-dispositive facts are in dispute, and Defendants have established that they are entitled to judgment as a matter of law as to Plaintiff's false arrest and failure to intervene claims. Accordingly, Defendants' motion for summary judgment is granted. In addition, the Court declines exercising jurisdiction over Plaintiff's remaining state law claim.

If Plaintiff wishes to appeal this final judgment, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee

irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). Plaintiff is warned that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment [66] is granted as to Plaintiff's false arrest and failure to intervene claim. Plaintiff's malicious prosecution claim is dismissed without prejudice to raising the claim in state court. Defendant Sneed is dismissed as a non-existent Defendant. Plaintiff's "revised motion in respond to Defendants' motion for summary judgment" [92] is terminated as a pending motion; the document is Plaintiff's response to the Defendants' motion for summary judgment. The Clerk is directed to enter judgment in favor of the Defendants Gonzalez and Bolton pursuant to Fed. R. Civ. P. 56. The case is terminated.

Dated: 11/18/2011

Suzanne B. Conlon
United States District Court Judge